# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MELISSA PEREZ,**

    **Plaintiff,**

v.                                         **Case No.:**

**SESCO LIGHTING, INC.,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Melissa Perez, brings this action and complaint for damages and demand for jury trial against Defendant, Sesco Lighting, Inc. and states:

## INTRODUCTION

This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, by the Civil Rights Act of 1991, 42 U.S.C. §2000e *et seq.* ("Title VII") and the Florida Civil Rights Act of 1992, Fla. Stat. §760.01 *et seq.* ("FCRA") to recover front pay, back pay, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

## JURISDICTION & VENUE

1.  The Court has original jurisdiction over Plaintiff's Title VII of the Civil Rights Act of 1964 ("Title VII") claims pursuant to 28 U.S.C. § 1331. *See* 42 U.S.C. §

2000e *et seq*. Jurisdiction over state law claims arise under the Court's supplemental jurisdiction, 28 U.S.C. § 1367.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because the Plaintiff's claims occurred in Orange County, Florida, which is located within the Orlando Division of the Middle District of Florida.

### SATISFACTION OF CONDITIONS PRECEDENT

3. On or about September 12, 2018, Plaintiff filed her Charge of Discrimination with the Equal Opportunity Commission ("EEOC"), alleging that Defendant harassed, discriminated and retaliated against her because of her sex, in violation of Title VII.

4. On December 18, 2019, the EEOC issued Plaintiff her right to sue letter.

5. Plaintiff files this action within the applicable period of limitations.

6. All conditions precedent to this action have been satisfied and/or waived.

### PARTIES

7. At all times material hereto, Plaintiff was a resident of Orange County, Florida.

8. At all times material hereto, Defendant had its principal place of business in Maitland, Orange County, Florida.

9. At all times material hereto, Defendant regularly and continuously engaged in business in Florida.

10. At all times material hereto, Defendant was Plaintiff's employer within the meaning of Title VII and the FCRA.

11. At all times material hereto, Plaintiff was an individual and an employee of Defendant within the meaning of Title VII and the FCRA.

12. Mike Segal ("Segal") is employed with Defendant and was one of its founders.

13. Virginia Fussell ("Fussell") is employed with Defendant and served as Plaintiff's immediate supervisor.

14. Jeff Crisp ("Crisp") is employed with Defendant and also served as Plaintiff's manager.

15. Gib Lundquist ("Lundquist") is employed with Defendant and served as an outside salesman.

16. Segal and others engaged in a continuous pattern of sexual harassment of Plaintiff. Defendant failed to take prompt and appropriate action after Plaintiff's numerous complaints to Defendant about the unwanted conduct.

17. After Plaintiff reported the multiple incidents to her supervisors and Defendant's Human Resources office, Defendant began a campaign of retaliation against Plaintiff including terminating her employment.

18. Defendant is liable for Plaintiff's claims.

## **FACTS**

19. Defendant was, at all relevant times material to this action, a lighting manufacturer's representative company.

20. Plaintiff endured a campaign of sexual harassment throughout her employment with Defendant.

3

21. First, Segal, one of the founders of the company, told Plaintiff that if she had sex with him, she could be a boss. Plaintiff was appalled and refused Segal's sexual *quid pro quo*. Plaintiff then complained about the comment to her supervisor, Virginia Fussell, who brushed it off and didn't take any action.

22. Thereafter, Jeff Crisp, Fussell's immediate supervisor and Plaintiff's manager, asked Plaintiff explicit questions about her sex life and told Plaintiff about his sexual prowess, including the size of his penis and his proclivity for performing oral sex. Plaintiff declined Crisp's invitation to discuss her sex life as well as his offer to perform oral sex on her, Plaintiff again complained to her supervisor, Fussell, and again, Fussell brushed it off and took no action.

23. After that incident, an outside salesman, Gib Lundquist, made sexually explicit comments to Plaintiff stating, "your breast are fucking huge." Plaintiff complained to Manager, Crisp about the comment and he said that it was nothing.

24. Then, on November 30, 2017, Defendant's co-founder and repeat offender of sexually harassing conduct towards Plaintiff, Segal, was in town for an open house event held by Defendant. When Segal saw Plaintiff, he grabbed her, forced her to give him a hug and in the process, grabbed Plaintiff's butt. Plaintiff moved his hand and just stood there silently.

25. Later that same evening at this same open house event, Segal sought out Plaintiff again and this time, in the presence of at least 10 witnesses, Segal put his hand up Plaintiff's dress and grabbed her whole vagina. Plaintiff was so shocked, embarrassed and humiliated by Segal's conduct, she immediately ran off.

4

26. Following this incident, Plaintiff again complained to Fussell regarding Segal's sexually harassing conduct on November 30, 2017. Shockingly, Fussell started laughing and said, "did he get a good grab." After Fussell failed to take any action, Plaintiff then reported the incident to Crisp and demanded that they report the incident to Human Resources.

27. Following the report to Human Resources, Plaintiff was retaliated against and treated differently. Indeed, Crisp completely stopped speaking with Plaintiff and others, including Fussell, began to shun her.

28. Shortly thereafter, Plaintiff's employment with Defendant was terminated on May 24, 2018, for alleged poor work performance.

29. Curiously, Plaintiff had no performance or disciplinary issues during her employment with Defendant. What's more, Plaintiff's supervisors never brought any concerns about her performance to Plaintiff's attention.

30. Defendant failed to end the sexually harassing conduct Plaintiff experienced and retaliated against Plaintiff because she objected to sexual harassment.

**COUNT I**
**DISCRIMINATION/HARASSMENT IN VIOLATION OF TITLE VII**
**(SEXUAL HARRASSMENT)**

31. Plaintiff re-alleges and readopts the allegations contained in paragraphs 1-30, as if fully set forth herein.

32. Defendant, through its employees and agents, created an intimidating, hostile, and offensive working environment by subjecting Plaintiff to unwelcome sexual advances because of her sex.

33. Defendant's sexual harassment, by and through its agents and employees, violated Plaintiff's rights to be free from harassment and discrimination because of her sex under Title VII.

34. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

35. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

36. This sexual harassment and retaliation resulted in Plaintiff's termination.

37. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

   a. Back pay and benefits;

   b. Interest on back pay and benefits;

   c. Front pay and benefits;

   d. Compensatory damages for emotional pain and suffering;

   e. Punitive damages;

   f. Injunctive relief;

   g. Prejudgment interest;

  h. Costs and attorney's fees; and

  i. Such other relief as the Court may deem just and proper.

## COUNT II
## RETALIATION IN VIOLATION OF TITLE VII

38. Plaintiff re-alleges and readopts the allegations contained in paragraphs 1-30, as if fully set forth herein.

39. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sexually harassment under Title VII.

40. Plaintiff objected to Defendant's sexual harassment.

41. In response to Plaintiff's objection to sexual harassment, Defendant retaliated against Plaintiff by treating her differently in the workplace and ultimately terminated her employment for a false reason.

42. Defendant's retaliation violated Plaintiff's rights under Title VII.

43. This retaliation resulted in Plaintiff's termination.

44. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

45. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

46. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Punitive damages;

f. Injunctive relief;

g. Prejudgment interest;

h. Costs and attorney's fees; and

i. Such other relief as the Court may deem just and proper.

**COUNT III**
**DISCRIMINATION BASED ON SEX IN VIOLATION OF THE FCRA**
**(SEXUAL HARASSMENT)**

47. Plaintiff re-alleges and adopts paragraph 1 – 30, as though set forth fully herein.

48. Defendant through its employees and agents, created an intimidating, hostile, and offensive working environment by subjecting Plaintiff to unwelcome sexual advances because of her sex.

49. Defendant's sexual harassment, by and through its agents and employees, violated Plaintiff's rights to be free from harassment and discrimination because of her sex under the FCRA.

50. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

51. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

52. This sexual harassment and retaliation resulted in Plaintiff's termination.

53. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

   a. Back pay and benefits;

   b. Interest on back pay and benefits;

   c. Front pay and benefits;

   d. Compensatory damages for emotional pain and suffering;

   e. Punitive damages;

   f. Injunctive relief;

   g. Prejudgment interest;

   h. Costs and attorney's fees; and

   i. Such other relief as the Court may deem just and proper.

## COUNT IV
## RETALIATION IN VIOLATION OF THE FCRA

54. Plaintiff re-alleges and adopts paragraphs 1 – 30, as though set forth fully herein.

55. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sexually harassment under the FCRA.

56. In response to Plaintiff's objection to sexual harassment, Defendant retaliated against Plaintiff by treating her differently in the workplace and ultimately terminated her employment for a false reason.

57. Defendant's retaliation violated Plaintiff's rights under the FCRA.

58. This retaliation resulted in Plaintiff's termination.

59. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

60. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

**61.** Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Punitive damages;

f. Injunctive relief;

g. Prejudgment interest;

h. Costs and attorney's fees; and

i. Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Dated this 11th day of February, 2020.

                              Respectfully submitted,

                              **s/ ANTHONY J. HALL**
                              **Anthony J. Hall, Esq.**
                              Florida Bar No.: 40924
                              Morgan & Morgan, P.A.
                              20 N. Orange Ave., 16th Floor
                              Orlando, FL 32801
                              MAILING: P.O. Box 530244
                              Atlanta, GA 30353-0244
                              Direct Tel.: (407) 418 2079
                              Facsimile:   (407) 245-3390
                              Email:       ahall@forthepeople.com
                              Counsel for Plaintiff